An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK MILFORD PECK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65521

FILED

NOV 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant filed his petition on August 30, 2013, nearly 13 years after this court's issuance of the remittitur from his direct appeal on September 19, 2000. *See Peck v. State*, 116 Nev. 840, 7 P.3d 470 (2000). Appellant's petition was therefore untimely filed. NRS 34.726(1). Moreover, appellant's petition was also successive because he had previously filed several post-conviction petitions for a writ of habeas corpus, and it was an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petitions.[2] NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Peck v. State*, Docket No. 42672 (Order of Affirmance, July 11, 2005); *Peck v. State*, Docket No. 57968 (Order of Affirmance, July 15, 2011); *Peck v. State*, Docket No. 60343 (Order of Affirmance, December 12,

*continued on next page* . . .

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37446

34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was therefore procedurally barred absent a demonstration of good cause and actual prejudice. NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

In an attempt to excuse his procedural defects, appellant claimed that he had newly discovered evidence that the State committed a *Brady*[3] violation and offered false evidence at his 1997 trial by failing to disclose to the jury that the DNA evidence was analyzed using the PCR technique. Appellant's claim does not rely on evidence withheld by the State but rather is based on his belief that the DNA results were inadmissible at trial because they were obtained through the use of the PCR technique. The instant petition was filed almost 13 years after the conclusion of appellant's trial and direct appeal, and appellant's allegations failed to demonstrate that the State withheld evidence from the defense or that appellant could not have known about the factual basis for this claim earlier. *See State v. Huebler*, 128 Nev. ___, ___ & n.3, 275 P.3d 91, 95 & n.3 (2012); *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Therefore, we conclude that the district court did not err in rejecting this claim.

Next, appellant claimed that his trial counsel was ineffective for failing to investigate the DNA evidence and that official interference prevented him from raising the DNA claims earlier because the prison did

---

*. . . continued*

2012); *Peck v. State*, Docket No. 60878 (Order of Affirmance, January 16, 2013).

[3]*Brady v. Maryland*, 373 U.S. 83 (1963).

not provide him with the means to research DNA methods or protocols. To the extent that appellant claimed that the ineffective assistance of trial counsel provided good cause to excuse his procedural defects, appellant's claim lacked merit. A claim of ineffective assistance that is itself procedurally barred cannot constitute good cause to excuse a procedural defect. *Hathaway*, 119 Nev. at 252, 71 P.3d at 506. As to appellant's claim that official interference prevented him from ascertaining the legal basis of his claim earlier, appellant did not demonstrate that the prison failed to provide adequate access to legal resources or the courts. Therefore, we conclude that the district court did not err in rejecting these good-cause arguments.

Appellant also claimed that the procedural bars did not apply to him because his judgment of conviction did not include the conditions of his lifetime-supervision sentence and thus was not final. This claim is without merit, as the conditions of lifetime supervision are determined by the Board of Parole Commissioners after a hearing just prior to the sex offender's release from custody. *See Palmer v. State*, 118 Nev. 823, 827, 59 P.3d 1192, 1194-95 (2002); NRS 213.1243(1); NAC 213.290. Therefore, we conclude that the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Brent T. Adams, District Judge
Frank Milford Peck
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk